By the Court.
In this case, two questions are made at the bar, by the counsel for the plaintiff in error.
1st. Whether an action could be at all maintained upon the executor’s bond for the benefit of a creditor.
2d. Whether this action can be maintained before a judgment first had by the plaintiff against the representatives of the debtor, and an execution and return of Nulla bona.
*42 The first is in truth no question. This bond itf by particular direction of the act of 1748. No less than ten sections of that act are attentive to the testator’s estate, for the benefit of wives, legatees, next or km, and creditors : and one oi them declares in express words, that this bond may be put in suit for their benefit. Of all those, whose rights may be involved in a testator’s estate, a creditor is the most to be favored: his demand is ex debito justifies; and it would be strange to say, that a section of an act, which gives a new remedy to this favored class, by express words, was inserted in the act for no purpose.' But an analogy is drawn from the St. 22 & 23 Car. II.; and authorities are cited to shew that the present action was in no wise maintainable. But most of these authorities are contradictory, and therefore deserve no credit: though in truth the latest authority, that from Douglas, is expressly in point, that such an action is maintainable under that statute. But besides, our act of Assembly differs from the English Statute. It was argued, that great inconvenience might arise from countenancing such actions. That argument cuts both ways. Greater inconvenience would probably arise if such an action could not be maintained. But suppose the inconvenience on both sides equal; then inconvenience is no ground of decision. It is a rule of construction, that where a statute is ambiguously worded, Courts will be governed by arguments drawn from inconvenience: and will pursue the equity of the case arising under the statute: but in this act there is not one ambiguous word. The true question then is, has the relator, Waller, brought himself within the act ? or in other words, does it appear from the record, that he is a party injured within the words and meaning of the act? A man who claims as a creditor, and means to take the benefit of this act, must shew himself to be a creditor; that the testator left assets; that they came to the hands of the executor; that there was a sufficiency to discharge his demand, after paying debts of a higher dignity; and that the executor has *43 wasted the assets. Without this concurrence there is no done him.
2. An attempt was made at the bar to shew, that the paying debts of an inferior dignity first, was itself a devastavit; and that a devastavit for ever so trifling a sum, renders the executor liable to the whole demand, although assets to the twentieth part never same to his hands. But neither reason nor authorities warrant this doctrine: for surely if there be a sufficien cy cf assets, it is of no consequence in what order they are paid. But the person who means to make use of this act, must shew himself to be a creditor in the usual course of law. It is not enough to produce a mere document of a debt; he must first institute a suit against the executor or administrator; because it is, in the first instance, a dispute between creditor and debtor whether, or no, a debt actually exist: a dispute, which the sureties to such a bond, who are strangers to the contract, are by no means competent to manage. It is a principle of universal law that both parties shall be heard. Let us put this case: suppose A binds himself in a bond to pay B whatever sum C owes him(jB); now before a forfeiture is incurred by A, must not B first prove by an action at law the sum that C actually owes him? Mr. Waller therefore ought to have shewn by an action brought against the executor, that he was a creditor: he ought to have shewn by his action against Moore, the executor, that he had committed a devastavit; a suggestion of a devastavit may be likened to a criminal prosecution i and an executor shall not be presumed guilty of a devastavit, till it is found against him by a verdict. It may be objected, that the act does not prescribe that a creditor shall not go against the sureties in the first instance; and therefore this action was well brought; to which this answer presents itself, that it is an established principle of construction, that where a statute lias given a new remedy, without pointing out the mode in which this remedy is to be attained, the rules of the common law, and the practice of the Courts, *44 founded upon the reason of the thing, shall be pursued* Therefore we are all of opinion that the judgment of the General Court must be reversed. (1)

 Clark v. Webb, et al. 2 Hen. & Munf. 8. Gordon's Adm. v. The Justices of Frederick, 1 Munf. 1. Spotswood v. Mandridge, 4 Munf. 289. Bacheldor v. Elliots Adm.—Turner v. Chum's Ex. 1 Hen. & Munf. 11. 58, Call v. Ruffin, 1 Call. 334.